UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CAROLE BAUGH, *et al.*,

    Plaintiff,

v.

HILLTOP LODGE HEALTH AND
REHABILITATION CENTER, LLC, *et al*,

    Defendants.

Case No. 25-2767-EFM-BGS

## ORDER TO AMEND RULE 7.1 DIVERISTY STATEMENT

Plaintiffs bring this wrongful death action against Defendants Defendant Hilltop Lodge and Rehabilitation Center, LLC (hereinafter "Defendant Hilltop") and Defendant MRC SNF Management, LLC (hereinafter "Defendant MRC"). (Doc. 1.) The basis for federal court subject matter jurisdiction is diversity of citizenship pursuant to 28 U.S.C. §1332(a). (*Id.*, at 6.) Because this is a diversity case, the parties are required to file diversity statements compliant with Fed. R. Civ. P. 7.1.

The Court has reviewed the amended Rule 7.1 diversity statement from Defendant Hilltop Lodge and Rehabilitation Center, LLC and Defendant MRC SNF Management, LLC. (Doc. 11, provisionally sealed.) There are several deficiencies, each of which will be discussed in turn.

First, Defendant Hilltop fails to identify the specific LLCs that are members. Rather, Defendant Hilltop makes statements such as "Hilltop has two members. Each is a Delaware limited liability company with the same three members who are also limited liability companies." (Doc. 11, provisionally sealed, at 1.)

1

Rule 7.1(a)(2) specifically requires that parties in a diversity case "**must name** – and identify the citizenship of – every individual or entity whose citizenship is attributed to that party or intervenor … ." (Emphasis added.) The requirements of "naming" and "identifying" are separate and distinct. *See Chesapeake Operating LLC v. JK Red Dirt Rentals, LLC, et al.*, No. 24-245-F, 2024 WL 1776435, at *1 (W. D. Okla. April 24, 2024) (holding that the 7.1 disclosure statement "must specifically name each member of JK Red Dirt's sole member, Rix Energy Services, LLC, and identify the state of citizenship of those members."). Defendant Hilltop has clearly failed to name <u>and</u> identify all relevant entities and/or individuals. It is ordered to do so.

Further, in paragraph 2(c) of the disclosure statement, Defendant Hilltop indicates "[t]he third is a limited liability company with three members who are all limited liability companies." The disclosure fails to name and identify the three members. (Doc. 11, provisionally sealed, at 2.) Defendant Hilltop then goes on to state that the "members" are traditional trusts who share a trustee.[1] (*Id.*) Defendant Hilltop does not, however, identify and name each trust. Defendant then states that the trusts share the same trustee, which also happens to be a limited liability company. The disclosure then provides that the trustee is owned by a foreign company; however, there is insufficient information about the named "PLC" from the United Kingdom for the Court to discern how the citizenship of the "PLC" is determined and whether it is the only "member" of the trustee.

Defendant MRC has also failed to comply with the requirements of Rule 7.1. Defendant MRC repeatedly references various "limited liability companies" without specifically <u>naming</u> them. (Doc. 11, provisionally sealed, at 2.) As discussed above, this is improper and insufficient. *Chesapeake Operating LLC*, 2024 WL 1776435, at *1.

---

[1] The disclosure statement specifically names this trust. Because the Court has not yet ruled on Defendants' motion to seal the disclosure statement (Doc. 13), the Court will not include the name herein.

In order for the Court to properly perform the requisite citizenship diversity analysis, every referenced LLC needs to be <u>named</u>, every member of each listed LLC needs to be identified, and the disclosure must continue the tracing with specificity until it reaches individuals (citizens of specific states) or corporations (with identifiable citizenship). Complete disclosure of the entire ownership chain must be set forth.

IT IS THEREFORE ORDERED that Defendants shall file an amended Rule 7.1 statement, compliant with this Order, **on or before March 4, 2026**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 11th day of February, 2026.

/S/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge